THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Case Number: 1:17-cv-00852

DEBORAH HILTON, on behalf of  )
herself and all others similarly situated, )
 )
          Plaintiff, )
 )
vs. )    **COMPLAINT -- CLASS ACTION**
 )
STERN & EISENBERG, P.C., )
STERN & EISENBERG SOUTHERN, )
P.C., and JOHN DOES 1-25, )
 )
          Defendants. )

## I. INTRODUCTION

1. This action is brought by Plaintiff Deborah Hilton, on behalf of herself and all others similarly situated, for statutory damages against Defendants Stern & Eisenberg, P.C., Stern & Eisenberg Southern, P.C., and John Does 1-25, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights.

2. As shown below, Defendants' form collection letter fails to adequately disclose to consumers certain statutory rights that the FDCPA requires they provide to consumers. Defendants' collection letter actually misrepresents those rights and creates a trap for consumers who, if they follow the Defendants' letter, waive those important rights.

## II. JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

4. Plaintiff Deborah Hilton is an individual who resides in Durham, North Carolina.

5. Ms. Hilton is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Stern & Eisenberg, PC (S&E) is a professional corporation organized under the laws of the State of Pennsylvania.

7. S&E is located in Warrington, Pennsylvania, with offices in several other states.

8. S&E is a law firm.

9. S&E's website lists "Creditors Rights & Bankruptcy" as one of its service areas. *http://sterneisenberg.com/what-we-do/*

10. S&E's website states that its attorneys "provide litigation and counseling expertise in the area of credits rights, asset recovery, foreclosure, bankruptcy and REO (real estate owned) to our large and diverse clientele."

*http://sterneisenberg.com/what-we-do/creditors-rights-bankruptcy/*

11. S&E is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

12. S&E regularly attempts to collect consumer debts alleged to be due to another.

13. S&E was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

14. Defendant Stern & Eisenberg Southern, PC (S&E Southern) is a professional corporation organized under the laws of the State of Pennsylvania.

15. S&E Southern is located in Warrington, Pennsylvania, with offices in several other states.

16. S&E Southern is a law firm.

17. S&E Southern is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

18. S&E Southern regularly attempts to collect consumer debts alleged to be due to another.

19. S&E Southern was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

20. Attorneys have been held to be debt collectors under the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010); *Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

## IV. FACTUAL ALLEGATIONS

21. Ms. Hilton has a mortgage account. The alleged mortgage creditor is The Bank of New York Mellon fka the Bank of New York, as Trustee for the Benefit of the

Page 3

Case 1:17-cv-00852-TDS-LPA    Document 1    Filed 09/22/17    Page 3 of 13

Certificateholders of the CWABS Inc., Asset-Baked Certificates, Series 2004-3 ("Bank of New York Mellon").

22. Ms. Hilton allegedly owed a past-due balance to Bank of New York Mellon ("the Debt").

23. The Debt was incurred for personal, family, or household purchases; *i.e.*, a mortgage on her primary residence.

24. The Debt entered default.

25. Bank of New York Mellon retained or otherwise requested S&E and S&E Southern to attempt to collect the Debt.

26. By correspondence dated December 5, 2016, Defendants arranged for the preparation and transmittal of a letter to Ms. Hilton at her residence in an attempt to collect the Debt. A copy of Defendants' December 5, 2016, letter to Ms. Hilton is attached hereto as <u>Exhibit A</u>.

27. <u>Exhibit A</u> refers to S&E at the top of the letter.

28. <u>Exhibit A</u> contains :

| | |
|---|---|
| Creditor ("Creditor"): | THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTTIFICATES, SERIES 2004-3 |
| File Number: | NC-89000204-16 |

    Property (the "Property"):   1202 West Murray Avenue
                                                  Durham, NC 27704

Dear Deborah A. Hilton:

\*\*\*

 Notice Required under the Fair Debt Collection Practices Act

\*\*\* [continuing onto the second page of Exhibit A]

2. Unless your dispute the validity of the debt or any portion thereof within 30 days of receipt of this letter, we will assume that the debt is valid. If you notify our office during the 30 day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, if any and a copy of such verification of the debt or a copy of the judgment, if any, will be mailed to you.

\*\*\*

Sincerely,

Stern & Eisenberg Southern, PC

29. Exhibit A contains at the bottom-left of each page:

NC-89000204-16 - A GLOBAL WALZ FDCPA - Letter FDCPA
2016-12-05 / KF

30. Exhibit A was the initial communication from S&E to Ms. Hilton regarding the Debt.

31. Exhibit A was the initial communication from S&E Southern to Ms. Hilton regarding the Debt.

32. Exhibit A was sent in an attempt to collect the Debt.

33. S&E did not send an additional communication to Ms. Hilton regarding the Debt within five days of sending Exhibit A.

34. S&E Southern did not send an additional communication to Ms. Hilton regarding the Debt within five days of sending Exhibit A.

35. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

36. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

37. Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic

consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

38. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014).

Page 7

Case 1:17-cv-00852-TDS-LPA   Document 1   Filed 09/22/17   Page 7 of 13

39. Section 1692g(b) explains the effect of a written dispute made pursuant to Section 1692g(a)(4).

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). *See Clark*, 741 F.3d at 490.

40. If Ms. Hilton had disputed the debt orally, S&E would not have been bound by 15 U.S.C. 1692g(b).

41. If Ms. Hilton had disputed the debt orally, S&E Southern would not have been bound by 15 U.S.C. 1692g(b).

42. Exhibit A does not state that a dispute must be made "in writing" in order for Defendants to send verification.

43. That Defendants failed to state that a dispute under Section 1692g(a)(4) must be in writing is no minor issue. Indeed, Defendants' form collection letter results in a trap for consumers that follow Defendants' chosen language. Indeed, if a consumer disputes a debt orally, then the proscriptions of Section 1692g(b) do not apply, and the debt collector is not required to cease collection efforts until it provides verification. Following the instructions in Defendants' collection letter will waive the least sophisticated consumer's statutory rights.

44. The failure to communicate the information required by Section 1692g(a)(4) could have a serious effect on the least sophisticated consumer because she would not know that only a written dispute would require Defendant to cease collection efforts until it sent verification of the debt to the least sophisticated consumer, in line with Section 1692g(b). Indeed, "most individual consumers are unaware of their rights under the FDCPA." *Schwarm v. Craighead*, 233 F.R.D. 655, 664 (E.D.Cal. 2006). *See also Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 337 (N.D.Ill. 2008); *Osborn v. Ekpsz*, 821 F.Supp.2d 859, 870 (S.D.Tex. 2011).

45. "Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing. *See*, *e.g.*, *Bicking*, 2011 U.S. Dist. LEXIS 48623, 2011 WL 1740156, *3-4 (E.D. Va. May 5, 2011); *Beasley v. Sessoms & Rogers, P.A.*, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083, at *6-7 (E.D.N.C. Mar. 1, 2010); [four additional cases omitted]." *Osborn*, 821 F.Supp.2d at 870.

46. That the FDCPA places an affirmative duty upon debt collectors to adequately convey those important rights to the least sophisticated consumer makes Defendants' violation particularly egregious – especially considering that the debt collectors here are attorneys.

47. Plaintiff demands a trial by jury over all claims.

### V. DEFENDANTS' POLICIES AND PRACTICES

48. It is the standard policy and practice of Defendants to use false, deceptive, or
Page 9

misleading representations or means in connection with the collection of any debt.

49. It is the standard policy and practice of Defendants to fail to inform consumers that their request for verification of the alleged debt must be "in writing."

## VI. CLASS ALLEGATIONS

50. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from S&E and/or S&E Southern in the form of Exhibit A (iii) to recover a debt (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

51. The class is so numerous that joinder of all members is impractical. *See* Fed.R.Civ.P. 23(a)(1).

52. Defendants sent letters in the form of Exhibit A to more than 50 persons with addresses in the state of North Carolina to recover a debt incurred for personal, family, or household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the date of class certification.

53. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. *See* Fed.R.Civ.P. 23(a)(2). The principal issue is whether Defendants violated the FDCPA by:

A) using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e and e(10); and

B) failing to inform consumers that their request for verification of the alleged debts must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4).

54. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendants' records.

55. Plaintiff will fairly and adequately protect the interests of the class. She has no interests that are contrary to those of the class members. *See* Fed.R.Civ.P. 23(a)(4).

56. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. *See* Fed.R.Civ.P. 23(a)(4).

57. The questions of law and fact common to the class predominate over any issues involving only individual class members. *See* Fed.R.Civ.P. 23(b)(3). Indeed, the principal issue is whether Defendants' letter in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

58. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. *See* Fed.R.Civ.P. 23(a)(3).

59. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate

Page 11

Case 1:17-cv-00852-TDS-LPA   Document 1   Filed 09/22/17   Page 11 of 13

claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

**VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

60. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

61. Defendants' violations of the FDCPA include, but are not limited to:

   A) using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e and e(10); and

   B) failing to inform consumers that their request for verification of the alleged debts must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4).

62. As a result of Defendants' violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

**VIII. REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Deborah Hilton requests that judgment be entered in her favor and in favor of the class against Defendants for:

   A. Certification of this matter as a class action;

   B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

   C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

and

D. For such other relief as the Court may find to be just and proper.

September 22, 2017

/s/ Craig M. Shapiro
Craig M Shapiro
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd Ste D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Fax: (919) 286-2704
Email: cshapiro@johnorcutt.com
State Bar No. 48887

ATTORNEY FOR PLAINTIFF DEBORAH HILTON

Page 13