IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEBORAH HILTON,              )
                             )
          Plaintiff,         )
                             )
     v.                      )     1:17cv852
                             )
STERN & EISENBERG, P.C. and  )
STERN & EISENBERG SOUTHERN,  )
P.C.,                        )
                             )
          Defendants.        )

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Defendant Stern & Eisenberg, P.C. ("SEPC") moves to dismiss this putative fair debt collection class action for lack of personal jurisdiction over it. (Doc. 13.) Plaintiff, Deborah Hilton, contends that SEPC is subject to the court's personal jurisdiction. Alternatively, she urges the court to either deny SEPC's motion in anticipation of her demonstrating jurisdiction at trial or permit her to conduct limited jurisdictional discovery to demonstrate jurisdiction. (Doc. 17 at 31.) For the reasons set forth below, the court will grant Hilton's request for limited jurisdictional discovery.

**I.   BACKGROUND**

In December of 2015, Hilton received a debt collection letter, commonly known as a dunning letter, bearing the letterhead of both SEPC and Stern & Eisenberg Southern, P.C. ("Southern") and which

allegedly included a "trap" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Doc. 1 at 1; Doc. 1-1.) Hilton never received, in any communication, notice that she must make a written request to the creditor in order to receive verification of the debt.[1]

On September 22, 2017, Hilton filed this action against SEPC and Southern. (Doc. 1.) SEPC moved to dismiss Hilton's claims against it for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 13.) Southern did not oppose the motion to dismiss and provided affidavits in support of a lack of personal jurisdiction over its co-defendant. (Doc. 13-1.) The motion has been fully briefed and is ready for decision. (Doc. 14; Doc. 17; Doc. 19.)

---

[1] A debt collector must provide notice of the following:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g(b).

2

## II. ANALYSIS

### A. Factual Allegations of Personal Jurisdiction

Hilton argues that the letterhead of the dunning letter she received should subject SEPC to the personal jurisdiction of the court as it is evidence of the firm's intentional, continuous, and systematic contact with North Carolina sufficient to show general jurisdiction or, alternatively, constitutes an intentional direct act sufficient to demonstrate specific jurisdiction. (Doc. 17 at 1-2.) SEPC opposes a finding of personal jurisdiction over it on the grounds that it does not have a systematic and continuous presence in North Carolina and, further, the letter was sent by a separate legal entity that was not authorized to use the letterhead. (Doc. 14 at 14.)

Personal jurisdiction can be either general or specific. If the party maintains "continuous and systematic" contacts with a state, the forum state has general personal jurisdiction over it, and the nonresident may be sued on any claim in that state. See Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445-46 (1952). But where continuous and systematic contacts are absent, a court may assert specific personal jurisdiction over a defendant for any dispute arising from the defendant's contact with the forum state. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 n.8 (1984). Specific personal jurisdiction "requires only that the relevant conduct have such a connection with the forum state

3

that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009).

When a court's personal jurisdiction is challenged by a Rule 12(b)(2) motion, the plaintiff has the burden of proving personal jurisdiction by a preponderance of the evidence. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Where a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the allegations of the complaint, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Id. Under these circumstances, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. If the defendant provides evidence denying the essential jurisdictional facts, then the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied. Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp., 812 F. Supp. 2d 710, 716–17 (E.D. Va. 2011); Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp., 737 F. Supp. 925, 926 (W.D. Va. 1990). Once a defendant provides "specific denials contrary to a plaintiff's assertions of facts supporting jurisdiction, a plaintiff's 'bare allegations

4

that the defendants had significant contacts with the [forum] state' are insufficient to establish jurisdiction by a preponderance of the evidence." Lianyungang FirstDart Tackle Co. v. DSM Dyneema B.V., 871 F. Supp. 2d 482, 487 (E.D.N.C. 2012) (citing Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396, 402-03 (4th Cir. 2003)). Notwithstanding a threshold prima facie finding of personal jurisdiction, a plaintiff must subsequently "prove the existence of personal jurisdiction by a preponderance of the evidence" at a pretrial evidentiary hearing or at trial. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n.5 (4th Cir. 2005) (internal citation omitted).

On this record, Hilton has not presented sufficient evidence to make a prima facie showing of personal jurisdiction. SEPC is not headquartered or incorporated in North Carolina, and there is no undisputed fact that would otherwise indicate that SEPC is "at home" in North Carolina and subject to general jurisdiction. Further, the conditions of specific jurisdiction are factually disputed. Hilton points out that "single or occasional acts," like sending or authorizing the sending of a letter, can subject a party to specific jurisdiction. (Doc. 17 at 4) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2018)). However, SEPC claims that Southern's use of the letterhead was unauthorized and that SEPC cannot be subject to personal

jurisdiction through the actions of a third party. If SEPC did not authorize use of its letterhead, it is unlikely that it had intentional contact with North Carolina such that it would be fair to hale it into court here.

**B. Limited Jurisdiction Discovery**

Hilton contends that "[d]iscovery will show that SEPC and Southern sent letters into the forum state of North Carolina specifically to target the consumers there (Ms. Hilton and the putative class members) as part of an intentional campaign to obtain payment from them in the forum state." (Doc. 17 at 3-4.) To prove this, Hilton requests permission to seek discovery regarding: (1) SEPC's declarations submitted in support of its motion to dismiss, and (2) personal jurisdiction over SEPC generally. (Id. at 31.) Hilton suggests that there are several unanswered questions in the record that are necessary to the determination of personal jurisdiction over SEPC. These include: (1) who did the creditor retain?; (2) who are Southern's officers and directors?; (3) are there mutual employees between SEPC and Southern?; (4) does SEPC require all of its offices to use the same letter template?; (5) does SEPC oversee or control Southern in such a way that jurisdiction would be appropriate via the "alter ego" test?; (6) does a SEPC or Southern employee review the client's file before sending a collection letter?; and (7) does a SEPC or Southern employee review the collection letter before

6

sending it? (Id. at 11–12.) Hilton further argues that SEPC has systematic and continuous contact with the forum state through attorneys it employs to work in the forum state. In support of this claim, Hilton provides screenshots of the SEPC website showing that six attorneys work for SEPC in North Carolina. (Id. at 70, 77, 86, 87, 88, and 94.)

SEPC denies that five of the attorneys have ever been employees of SEPC. (Doc. 19-2 ¶ 5.) It challenges the "unauthenticated printouts and screenshots of SEPC's website, individual attorneys' LinkedIn pages, and email signatures . . . ." (Doc. 19 at 4.) Hilton has presented evidence of inaccuracies in SEPC's statements, and SEPC has responded with denials. Additionally, Hilton argues that SEPC has a systematic and continuous connection with the forum state through an office in Charlotte, N.C. (Doc. 17 at 22.) In contrast, Steven Eisenberg stated in an affidavit that SEPC does not have any office or facility outside of the states of Pennsylvania, New York, and New Jersey. (Doc. 13-2 ¶ 3.) Eisenberg also stated that "SEPC does not have and has not at any time had any offices, facilities, or employees in North Carolina." (Id. ¶ 4.) However, Hilton provided what it represents are screenshots of SEPC's website, which suggest that SEPC maintains an office in North Carolina. (Doc. 17 at 51, 67.)

Finally, Hilton presents the court with several dunning

7

letters, all of which use the SEPC letterhead but are addressed to persons in states outside of SEPC's asserted territorial range, suggesting that SEPC, counter to its contentions, maintains contact with those states. (Doc. 17 at 59, 60, 62.) SEPC responds that these letters prove only that Southern and other related entities have sent other letters with the improper letterhead on different occasions and that the use of the letterhead was unauthorized in those instances, as well. (Doc. 19 at 4.)

"[D]istrict courts 'have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them].'" Carefirst of Md., Inc., 334 F.3d at 402 (quoting Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993)). A plaintiff must show that her "request for jurisdictional discovery is not merely frivolous, but will assist the court in determining whether it has specific jurisdiction." Young v. 3M Co., No. 1:13CV864, 2016 WL 3129209, at *3 (M.D.N.C. June 2, 2016) (citing Rich, 121 F.R.D. at 259)). When a plaintiff can show that it is necessary in order to meet a defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on the issue unless plaintiff's claim appears to be clearly frivolous. Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (citing Compagnie des Bauxites de Guinee v. L'Union, 723 F.2d 357 (3d Cir. 1983); see also Celgard, LLC v. SK Innovation Co., No. 3:13-CV-00254-MOC, 2013 WL 7088637, at *6 (W.D.N.C. Nov. 26, 2013)

8

("Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone."). However, where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition. Rich, 121 F.R.D. at 259 (citing Poe v. Babcock Intern., plc, 662 F. Supp. 4, 7 (M.D. Pa. 1985)); see McLaughlin v. McPhail, 707 F.2d 800, 806-07 (4th Cir. 1983); see also Unspam Techs., Inc. v. Chernuk, 716 F.3d 322, 330 n.1 (4th Cir. 2013) (noting that the court may deny jurisdictional discovery if it believes the cost would not be justified).

The court concludes that Hilton has provided sufficient evidence which, if believed, would cast doubt on Defendants' assertions that Southern was not authorized to use the SEPC letterhead in this case and that SEPC does not maintain a presence in the state. On a collective basis, Hilton's proffer provides a basis for personal jurisdiction that is more than a "bare allegation." Lianyungang FirstDart Tackle Co., 871 F. Supp. 2d at 487. Thus, the court will grant Hilton's request for limited jurisdictional discovery, and SEPC may renew its motion to dismiss upon completion of the limited discovery.

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Hilton's request for limited jurisdictional discovery regarding Defendant SEPC (Doc. 17) is GRANTED.  The parties promptly shall meet and confer in an attempt to devise a 90-day plan for discovery regarding the court's personal jurisdiction over SEPC.  On or before July 16, 2018, the parties shall file a joint report setting forth their shared and/or differing views regarding such a discovery plan.  If the parties do not agree about all of the material elements of the discovery plan, counsel for the parties shall appear for a hearing on the matter at 4:00 p.m. on July 17, 2018, in Courtroom 1A of the L. Richardson Preyer United States Courthouse in Greensboro, North Carolina.  SEPC's motion to dismiss for lack of personal jurisdiction (Doc. 13) is DENIED WITHOUT PREJUDICE to it being renewed following completion of Hilton's discovery.

                                            /s/   Thomas D. Schroeder
                                            United States District Judge

July 6, 2018