IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEBORAH HILTON, on behalf of  )
herself and all others        )
similarly situated,           )
                              )
            Plaintiff,        )
                              )
     v.                       )    1:17-cv-00852
                              )
STERN & EISENBERG P.C.,       )
STERN & EISENBERG SOUTHERN    )
P.C., and JOHN DOES 1-25,     )
                              )
            Defendants.       )

## ORDER

Plaintiff Deborah Hilton and Defendants Stern & Eisenberg P.C. and Stern & Eisenberg Southern P.C. jointly move for approval of the settlement reached by them in this case. (Doc. 35.) The joint motion was duly served on all interested parties, including the Standing Chapter 13 Trustee, the Middle District of North Carolina Bankruptcy Administrator, and all creditors. (Doc. 35 at 2, 12.) None has objected or wished to be heard.

While the present lawsuit by Plaintiff Hilton is a pre-petition asset of her bankruptcy estate and the resolution of it is subject to the approval of a court of competent jurisdiction, see Fed. R. Bank. P. 9019(a), this court retains the authority to consider the motion, see Houck v. Substitute Tr. Servs., 791 F.3d 473, 481 (4th Cir. 2015). That is particularly the case here, where the court has overseen the case to date, ruling on a significant and extensively-briefed motion challenging

jurisdiction and, through the Magistrate Judge, approved a jurisdictional discovery plan and supervised discovery through the point of settlement.

This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The parties propose settling Plaintiff's individual claim for the maximum statutory damage amount of $1,000, plus costs and attorneys' fees, and dismissing her claims with prejudice but without reaching and thus considering the putative class claims, which will be dismissed without prejudice. The parties seek this court's approval of the settlement as fair, reasonable, and adequate — which approval otherwise would not be required but for the fact that the lawsuit is a pre-petition asset of Plaintiff Hilton in her bankruptcy.

Recognizing that this settlement does not purport to resolve the class claims, the court nevertheless finds guidance for reviewing the settlement as fair, reasonable, and adequate based on the standards set out in In re Jiffy Lube Sec. Litig., 927 F.2d 155, 158-59 (4th Cir. 1991), and In re The Mills Corp. Sec. Litig., 265 F.R.D. 246 (E.D. Va. 2009). Specifically, as to fairness, the court examines "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of [the] class action litigation." Mills, 265 F.R.D. at 254. As to adequacy, the court

2

Case 1:17-cv-00852-TDS-LPA    Document 43    Filed 07/02/19    Page 2 of 6

examines the following factors: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expenses of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." Id.

Here, Plaintiff contends that she "received a collection letter that, according to her argument, did not correctly state that a written dispute of the debt must be made in order for the defendant to be required to suspend collection efforts until it sent her verification of the debt." (Doc. 35 at 10.) Plaintiff sought only statutory damages and no actual damages. Thus, her recovery of the maximum allowed by statute, 15 U.S.C. § 1692k(a)(2)(A), reflects a fair and adequate settlement and compares quite favorably to lesser awards for an alleged violation consisting of a claimed wrongful, written demand for payment of a debt. Cf. Crumel v. Kross, Lieberman & Stone, Inc., No. 5:14-CV-80-BR, 2015 WL 1565432, at *7–8 (E.D.N.C. Apr. 8, 2015) ($50 award); Carroll v. Paul Law Office, PLLC, No. 12-2041, 2013 WL 4008873, at *3 (D. Md. Aug. 2, 2013) ($50 award); Marchman v. Credit Sols. Corp., No. 6:010-cv-226-Orl-31GJK, 2011 WL 1560647, at *11 (M.D. Fla. Apr. 5, 2011) ($100 award); Pearce v. Ethical

3

Asset Mgmt., No. 07-CV-718S, 2010 WL 932597, at *4, 6 (W.D.N.Y. Mar. 11, 2010) ($250 award); Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *7–8 (D.N.J. Dec. 21, 2010) ($350 award).

The settlement was also reached after the litigation had developed. One Defendant had filed a motion to dismiss, to which Plaintiff responded, and as to which the court permitted discovery. The court found a factual dispute that prevented the granting of the motion to dismiss. (Doc. 25.) Plaintiff also served written discovery on the Defendants, to which Defendants responded. This led to negotiations and the settlement of Plaintiff's claim. Defendants have also agreed to pay Plaintiff's costs of $400. Notably, there is no opposition to the settlement, and there are no objections.

In addition, the court considers the proposed settlement payment of $27,600 in attorney's fees to Plaintiff's counsel. Attorney's fees are permitted by 15 U.S.C. § 1692k(a)(3). In determining the reasonableness of any fees, the court applies the factors set forth in EEOC v. Serv. News Co., 898 F.2d 958, 965 (4th Cir. 1990) (citing the twelve-factor test in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). Applying this twelve-factor test, the court finds that Plaintiff's attorneys' fees request at the stipulated amount is reasonable. Plaintiff's counsel is highly experienced in cases of this type

4

(Doc. 36), and his rate of $350/hour is reasonable, given Mr. Shapiro's experience and expertise. It is particularly relevant that the Bankruptcy Court entered an order approving the fee arrangement for Plaintiff's counsel in this case. (Doc. 35-2.) Plaintiff's counsel devoted 88 hours to the case, and the time entries reflect appropriate legal work on Plaintiff's behalf.[1] (Doc. 36 at 11.) Further, the fee award reflects a 10 percent discount on counsel's overall investment in attorney's fees agreed to by the parties' order to induce the settlement.

Having considered the record of this matter, the documents filed by the parties, and the lack of any objection by any interested party, the court finds that the settlement reached by the parties is fair, adequate, and reasonable. The settlement is approved, provided that the parties comply with the court's order on the parties' motion to seal filed contemporaneously with this order.

IT IS THEREFORE ORDERED that the parties' joint motion is GRANTED. The parties are directed to file a stipulation of dismissal of Plaintiff's claims with prejudice, and the putative

---

[1] Mr. Shapiro spent 86.9 hours on this litigation and included in his time records an entry for 1.1 hours of his colleague Koury Hicks's work reviewing, editing, and commenting on Mr. Shapiro's draft of Plaintiff's response to Defendant's motion to dismiss. (Doc. 36 at 11 n.2.) Mr. Hicks is an attorney with 12 years of experience and the same hourly rate as Mr. Shapiro. (Id.) The court finds the rate and time entry concerning Mr. Hicks to be reasonable.

5

class members' claims without prejudice, as provided in the settlement agreement.  (Doc. 35-1 at 2.)

                                    /s/   Thomas D. Schroeder
                                    United States District Judge

July 2, 2019